UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

COREY A. ASKEW,

                    Plaintiff,                                    Case No. 2:07-cv-127

v.                                                                Honorable R. Allan Edgar

DAVID BERGH, et al.,

                    Defendants.

_____/


## REPORT AND RECOMMENDATION

            This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial

partial filing fee when funds become available.  Under the Prison Litigation Reform Act, PUB. L. NO.

104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under

federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C.

§§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint

indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as

true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33

(1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure

to state a claim.

**Discussion**

I.      Factual allegations

On January 30, 2007, Plaintiff was re-classified and transferred from the Southern Michigan Correctional Facility to the Alger Maximum Correctional Facility (LMF), where he is presently housed.  Plaintiff claims that no adequate reason for his transfer was officially noted in his record, nor provided to him by the classification committee.  Plaintiff reviewed the classification report with Peggy Ann Carberry, LMF Assistant Resident Unit Manager, and found that the report contained inconsistent and misleading information.  Based upon the inconsistent and misleading information, Plaintiff received that number of points which warranted re-classification to Level V security level and transfer to LMF.

On April 6, 2007,  Peggy Ann Carberry prepared a new security classification screen, which scored points below the Level V security level, but still misrepresented the number of Plaintiff's escape instances.  Despite the decreased score, Christopher Crysler, a Michigan Department of Corrections (MDOC) administrator, readjusted Plaintiff's security level to Level V, causing Plaintiff to remain housed at LMF.  On May 21, 2007, Plaintiff was denied parole, partially based upon his security level placement at LMF, and the misconduct reports he received while at LMF.

Plaintiff brings this action against Peggy Ann Carberry and Christopher Crysler; David Bergh, LMF Warden; Lyle Rutter, LMF Assistant Warden; Denver McBurney, LMF Resident Unit Manager; and James Armstrong, MDOC manager of grievances and appeals.  Plaintiff claims that Defendants have violated his rights to equal protection and due process of law.

Plaintiff seeks injunctive relief consisting of an order directing Defendants to correct his institutional file, expunge the major misconduct reports he has received at LMF, decrease his security level points, transfer him to an appropriate facility in the Southern Michigan region, and reconsider him for release on parole.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.  Due Process**

The Fourteenth Amendment to the United States Constitution protects persons against deprivations of life, liberty, or property without due process of law.  A prerequisite of a due process claim is that the plaintiff has a recognized life, liberty, or property interest within the purview of the Fourteenth Amendment. *Bd. of Regents v. Roth,* 408 U.S. 564, 571 (1972).  In assessing an alleged procedural due process violation, the court must determine (1) whether the plaintiff has established a life, liberty or property interest protected by the due process clause, (2) whether the plaintiff was deprived of that interest by government action, and (3) whether adequate

procedures were afforded prior to the deprivation. *Franklin v. Aycock*, 795 F.2d 1253, 1261-62 (6th Cir. 1986). Only after a plaintiff has met the burden of demonstrating that he possessed a protected life, liberty or property interest, and was deprived of that interest, will the court consider whether the process provided to the plaintiff in conjunction with the deprivation, violated his right to due process. *Hamilton v. Myers,* 281 F.3d 520, 529 (6th Cir.2002). Plaintiff fails to satisfy the first element of a due process claim because he has no constitutionally-protected liberty interest in his security classification, housing assignment, or release on parole.

Plaintiff claims his due process rights were violated by the increase in his security level and transfer to LMF. Plaintiff has no constitutional right to any particular placement or security classification. A change in security classification to a higher level of security, with nothing more, is not the type of atypical and significant deprivation in which an inmate might have a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-791 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997). Moreover, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process

or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement).  In the absence of a recognized liberty interest, neither increasing Plaintiff's security classification nor placing him in a higher security level facility raise constitutional issues.  Consequently, I conclude that Plaintiff fails to state a due process claim regarding his security classification or housing assignment.

Plaintiff's allegation that he was denied parole likewise fails to state a claim because Michigan prisoners have no liberty interest in being released on parole.  There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Although a state may establish a parole system, it has no duty to do so, and, thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release.  *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole.  *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-

1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817,

2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069,

at *1 (6th Cir. Dec. 17, 1999).   Also, in unpublished decisions, the Sixth Circuit has held that

particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See*

*Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran*

*v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No.

95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL

613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th

Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir.

May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).

Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under

the Michigan system.   *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Accordingly, Plaintiff has no liberty interest at stake.   Because Plaintiff has no liberty interest at

stake, he fails to state a claim for a violation of his due process rights.  *See Sweeton*, 27 F.3d at 1164-

65.

### B.  Equal Protection

Plaintiff asserts his equal protection claim against Defendants Carberry and

McBurney.  Both Defendants allegedly refused to rectify the inaccuracies in Plaintiff's record, which

resulted in Plaintiff's Level V security classification.  The Equal Protection Clause of the Fourteenth

Amendment directs that no state shall "deny to any person within its jurisdiction the equal protection

of the laws." U.S. CONST. amend. XIV., § 1.  Although equal protection claims generally involve

members of a certain class alleging that they are being treated differently from members of another

class, see. *e.g., Shaw v. Reno*, 509 U.S. 630 (1993), the Supreme Court has also recognized that the

Equal Protection Clause gives rise to a cause of action for a class of one. *Village of Willowbrook*

*v. Olech*, 528 U.S. 562, 564 (2000).  To prevail on a  class of one claim, a plaintiff must establish

(a) that he has been intentionally treated differently from others who are similarly situated and (b)

that the disparative treatment has no rational basis.  *Club Italia Soccer & Sports Org. v. Charter*

*Township of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006). Under rational basis review, the defendant

does not have the burden of producing evidence to sustain the rationality of its actions.  Its actions

are presumptively valid and "may be based on rational speculation unsupported by evidence or

empirical data." *FCC v. Beach Communications*, 508 U.S. 307, 315 (1993). Plaintiff has failed to

identify any prisoners who were situated similarly in all relevant aspects but were treated differently

by Defendants Carberry and/or McBurney with respect to classification or housing.  Nor has Plaintiff

alleged facts demonstrating that Defendants Carberry and/or McBurney irrationally departed from

applicable rules, standards or policies.  Because Plaintiff has not established either element of a

"class of one" equal protection claim, I conclude that he fails to state a section 1983 claim which

would entitle him to relief.

### Recommended Disposition

        Having conducted the review now required by the Prison Litigation Reform Act, I

recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be

adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the

meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997).


      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   September 4, 2007


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).