UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COREY A. ASKEW #248480,

    Plaintiff,

v.                                           Case No. 2:07-cv-127
                                           HON. R. ALLAN EDGAR

DAVID BERGH, et al.,

    Defendants.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on September 4, 2007. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

        In his objections, Plaintiff claims that the Magistrate Judge erred in recommending dismissal of his due process claims because his classification to security level V and his confinement at the Alger Maximum Correctional Facility (LMF). In the MDOC, security classifications, from least to most secure, are: Community Status, Levels I, II, III, IV, V, VI, and segregation. MICH. DEP'T OF CORR., Policy Directive 05.01.130, ¶ H (effective March 1, 2004). Plaintiff attempts to liken his situation to placement in a supermax facility. In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the Court found that the plaintiff had a liberty interest in avoiding assignment in Ohio's supermax prison because it involved the deprivation of almost all human contact, even to the point that

conversation is not permitted between cells. In addition, the light is on for 24 hours, although it may be dimmed, exercise is for one hour per day, but only in a small indoor room, and review of such placement occurs annually after the initial 30-day review. Finally, the Supreme Court noted that in Ohio, such a placement disqualifies an otherwise eligible inmate for parole consideration. *Id.* at 223-224.

However, the Supreme Court in *Wilkinson v. Austin* made it clear that the determination of whether an inmate has a liberty interest in avoiding a particular condition of confinement or a particular institutional placement continues to be governed by *Sandin v. Conner*, 515 U.S. 472 (1995), and that such interests will generally be limited to:

> freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Hewitt*, 515 U.S. 472, 484 (1995).

As noted by the Magistrate Judge in the report and recommendation, the Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin*, the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). *But cf. Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005) (placement in "supermax" facility sufficiently atypical to implicate due process). The *Sandin* Court

concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484.

Here, Plaintiff clearly has failed to suggest that his segregation at LMF imposes an atypical and significant hardship as Plaintiff's confinement is less restrictive than administrative segregation. Therefore, the Magistrate Judge properly recommended dismissal of Plaintiff's due process claim.

Plaintiff also claims that he is asserting an equal protection claim and states that he was not treated "equally to similarly situated prisoners." The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. Plaintiff merely states that he is being treated differently because he is Jewish. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001).

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated:   10/4/07                                              */s/ R. Allan Edgar*
                                                              R. ALLAN EDGAR
                                                              UNITED STATES DISTRICT JUDGE